No. 19-10466

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA
Plaintiff-Appellee,

v.

ERIC STAGNO
Defendant-Appellant.

On Appeal from the United States District Court
for the Eastern District of California

Honorable Troy L. Nunley
U.S. District Judge

United States District Court No. 2:17-cr-163-TLN

---

# REPLY BRIEF OF APPELLANT

---

Heather E. Williams
Federal Defender
Douglas J. Beevers
Assistant Federal Defender
801 "I" Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorneys for Defendant-Appellant
ERIC STAGNO

## Table of Contents

Table of Authorities ........ iii

I. Jurisdictional Statement ........ 1

II. Bail Status ........ 2

III. Statement of Issues Presented for Review ........ 3

1. Did the District Court err by failing to give the defense instructions which were a correct description of the law not covered by any other instructions? ........ 3

2. Is 38 C.F.R. §1.218(b) facially unconstitutional? ........ 3

IV. Statement of the Case ........ 3

A. Statement of Facts ........ 3

B. Procedural History ........ 5

V. Summary of the Argument ........ **Error! Bookmark not defined.**

VI. Argument ........ 6

A. The Trial Court erred in refusing Mr. Stagno's jury instructions ........ 6

1. Standard of Review ........ 6

2. The District Court erred by failing to give the defense instructions which were correct description of the law not covered by any other instruction. 7

B. The Trial Court Erred in Denying Defendant's Rule 29 Motion to Dismiss, because the regulation was unconstitutional as applied to the conduct alleged in the Government's case in chief. ........ 20

1. Standard of Review ........ 20

2. Argument. ........ 20

VII. Conclusion ........ 17

## Table of Authorities

### Federal Cases


*Auer v. Robbins*,
519 U.S. 452, 462, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997) ..................................19

*Bowles v. Seminole Rock & Sand Co*.,
325 U.S. 410, 414 (1945)……………………………………………………..19

*Chicago v. Blakemore*,
15 Ill App 3d 994, 305 NE2d 687 (1973) ............................................................17

*City of Houston v. Hill*,
482 U.S. 451, 461, 107 S.Ct. 2502, 2505, 96 L.Ed.2d 398, 412 (1987)...............15

*H.N.P. v. State*,
854 So. 2d 630 (Ala. Crim. App. 2003)................................................................17

*Lewis v. City of New Orleans*,
415 U.S. 130, 94 S.Ct. 970, 39 L.Ed.2d 214 (1974)…………………………15, 21

*Martinez v. District of Columbia*,
987 A.2d 1199 (D.C. 2010)…………………………………………………...17

*Norwell v. Cincinnati*,
414 U.S. 14, 94 S.Ct. 187, 38 L.Ed.2d 170 (1973)………………………………15

*Preminger v. Principi*,
422 F.3d 815, 824 (9th Cir. 2005)..........................................................................13

*R.A.V. v. City of St. Paul*,
112 S.Ct. 2538 (1992) ..........................................................................................13

*Stinson v. United States*,
508 U.S. 36, 38, 113 S.Ct. 1913, 1919 (1993).......................................................19

*Terminiello v. Chicago*,
337 U.S. 1, 4, 69 S.Ct. 894, 895, 93 L.Ed. 1131 (1949)…………………….15, 21

*Thomas Jefferson Univ. v. Shalala*,

512 U.S. 504, 512-513, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994) .................... 19

*United States v. Anguiano-Morfin*,

713 F.3d 1208, 1209 (9th Cir. 2013)......................................................... …..11

*United States v. Marguet-Pillado*,

648 F.3d 1001, 1006 (9th Cir. 2011)................................................................. 12

*United States v. Ward*,

989 F.2d 1015 (9th Cir. 1992) ........................................................................ 11

*Virginia v. Black*,

123Ct. 1536, 1540, 538 U.S. 343, 346 (2003) .................................................. 13

**Statutes**

Title 18 United States Code
§3231 ..........................................................................................................1

**Federal Rules and Regulations**

Federal Rule of Appellate Procedure 4 .................................................................... 1
Title 38 Code of Federal Regulations
§1.218(a) ......................................................................................... passim
Responding to Disruptive Patients,
75 FR 69881-01, 2010 WL 4603311(F.R.) ................................................ passim

No. 19-10466

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>ERIC STAGNO,<br><br>Defendant-Appellant. | D.C. No. 2:17-cr-0163-TLN<br><br>Eastern District of California, Sacramento<br><br>APPELLANT'S REPLY BRIEF |

## I. Jurisdictional Statement

On September 7, 2017, ERIC STAGNO (hereinafter "Mr. Stagno") was charged by information with one Class A misdemeanor count of forcibly assaulting a United States Government employee in violation of 18 U.S.C. §111 and one class B misdemeanor count of disorderly conduct at a Veterans Administration medical facility in violation of 38 C.F.R. §1.218(a)(5) and (b)(11). ER 359, CR 10[1]. The district court had jurisdiction over the case under 18 U.S.C. §3231, over allegations on August 29, 2017 in the Eastern District of, and this Court has jurisdiction over this direct appeal from a final district court criminal judgment under 28 U.S.C. §1291. The United States Magistrate Judge entered the judgment on May 30,

[1] Throughout this brief "ER" refers to Excerpts of Record, and "CR" refers to the District Court Clerk's Record.

2018, and Mr. STAGNO filed his timely notice of appeal on June 5, 2018. ER 24, 7, CR 70-71, 90. Mr. Stagno's first appeal was processed to the Ninth Circuit as 18-10210, but then remanded to the district court which the parties agreed had intermediate jurisdiction, pursuant to 18 U.S.C. §3402, over the appeal from a criminal judgment entered by a U.S. Magistrate Judge. CR 72-73, 79-80.

On December 23, 2019, the Honorable Troy L. Nunley U.S. District Judge denied the intermediate appeal and affirmed the judgment of the U.S. Magistrate Judge. ER 1-8 CR 91. On December 26, 2019, Mr. Stagno filed his notice of appeal from the district judge's order affirming the judgement and conviction. ER 24 CR 92 The appeal is timely under Fed. R. App. Proc. 4(b)(1)(A)(i).

## II. Bail Status

Mr. STAGNO was sentenced to three years of federal probation which runs until May 24, 2021. ER 9-10, CR 70.

## III. Statement of Issues Presented for Review

1. **Did the District Court err by failing to give the defense instructions which were a correct description of the law not covered by any other instructions?**

2. **Did the District Court err by denying Mr. Stagno's Rule 29 motion?**

## IV. Statement of the Case

### A. The United States Does Not Dispute Mr. Stagno's Statement of Facts

The United States' Answering Brief provides a "Facts" section that contains a description of alleged "facts," but it is unknown whether the jury believed any of the facts described in the Answering Brief. The jury clearly did not believe all of the prosecution's evidence, because it found Mr. Stagno not guilty of Count I: assault despite the clear testimony of the alleged victim, Janette LaSalle, that Mr. Stagno struck her. ER 16.

Evidence in the record which the jury could have believed is relevant to Mr. Stagno's Rule 29 issue, but alleged "facts" which Mr. Stagno disputed in his testimony have no relevance to the jury instruction issue.

The United States' "Facts" section does not dispute any of the facts set forth in Mr. Stagno's opening brief, nor any of the facts discussed in the Amicus brief. Specifically, the United States did not dispute that Mr. Stagno's testimony denied

unusual noise, denied obstructing the clinic, but admitted being loud and disrespectful and admitted using the word “nigger.” ER 284-286 CR 76 at 135-136.

The United States Answering Brief in describing the jury instruction conference misleadingly states, “defense counsel provided no explanation or argument as to why the magistrate court should read all or any portion of the proposed instructions (7 and 8) to the jury.” U.S. Ans. Br. #12 at 16 or 24. This statement is misleading, because Mr. Stagno’s proposed instruction 7 contained the following extensive explanation and argument on the same page:

> *Authority: Preminger v. Principi*, 422 F.3d 815, 824 (9th Cir. 2005), which held that VA regulations must be viewpoint neutral and reasonable in light of the forum. *See also R.A.V. v. City of St. Paul*, 112 S.Ct. 2538 (1992)(striking down a disorderly conduct statute which prohibited racist fighting words for being non-viewpoint neutral). . . .
> Paragraph 2 is based on *Chicago v Blakemore* (1973) 15 Ill App 3d 994, 305 NE2d 687, where the court recognized the principle that offensive language addressed to an officer does not, in and of itself, create a disturbance of the peace. The court reasoned that an officer of the law is in a position to exercise the greatest degree of restraint in dealing with the public and must not view every threatening or insulting word, gesture, or motion as amounting to disorderly conduct, unless it is of such character or so provoked or conditioned as to be fully justified. The court noted that it is the sworn duty and obligation of the officer not to breach the peace, and beyond this, to conduct himself so as to keep others from so doing, so that mere words addressed to an officer in an insolent manner do not, without any other overt act, tend to breach the peace. *See also H.N.P. v. State*, . . . (citations omitted) . . .

> "[T]he First Amendment protects a significant amount of verbal criticism and challenge directed at police officers." *City of Houston v. Hill*, . . . The State may not punish a person for voicing an objection to a police officer where no "fighting words" are used. *Norwell v. Cincinnati*, . . . Although *City of Houston* and *Norwell* involved police the reasoning applies as well to Mr. Stagno's criticism of Ms. La Salle and Ms. Workman who had assumed a police function in ejecting him from a government building.

ER 21. The United States' Answer admits that Mr. Stagno's counsel argued for the instruction by saying he "stand on" his proposed instructions, and does not dispute that Mr. Stagno's trial brief expressly argued for the proposed jury instruction no. 7 to explain the parameters of the First Amendment to prevent Mr. Stagno from being convicted of using the word "nigger" as "improper language." ER 355-357 CR 52 at 2-3.

The United States did not dispute the fact that in its closing, the prosecutor expressly argued that the jury could convict based on evidence that Mr. Stagno used racial terms and phrases which escalated the situation and put people in fear of their safety which caused operations of the clinic not to be handled in the normal way. ER 316 CR 76 at 166.

## V. Reply Argument

### A. The Trial Court erred in refusing Mr. Stagno's jury instructions

#### 1. The Government Argues an Incorrect Standard of Review

In his Opening Brief, Mr. Stagno argued, citing *United States v. Anguiano-Morfin*, 713 F.3d 1208, 1209 (9th Cir. 2013), that the trial court's failure to give defendant's requested instruction that were supported by law and had some foundation in the evidence warrants *per se* reversal, unless the Court finds that other instructions, in their entirety, adequately cover that defense theory." *Stagno Op. Br.* at. 12. Mr. Stagno argued that this Court reviews *de novo* whether other instructions adequately cover the defense theory. *See Anguiano-Morfin, supra*.

The United States' "Standard of Review" section never responds to the *Anguiano-Morfin* issue, but cites five old cases discussing the standard of review for alleged errors in describing the elements of a crime. These cases were decided thirteen years before *Anguiano-Morfin* and discuss issues not raised in this appeal. Mr. Stango has not argued that the trial court's jury instruction incorrectly described the elements of the crime when it quoted from the regulation. Mr. Stagno's argument is that simply quoting the statute did not cover the defendant's theory of the defense that was based on First Amendment limits on the term "improper language" in the statute.

The United States also does not address Mr. Stagno's contention that this Court reviews questions of constitutional law *de novo*.

**2. The District Court erred by failing to give defense instructions which were correct descriptions of the law not covered by any other instruction.**

Mr. Stagno argued that the trail judge erred by not instructing the jury according to his theory of the case which was "supported by law and ha(d) some foundation in the evidence." *See United States v. Marguet-Pillado*, 648 F.3d 1001, 1006 (9th Cir. 2011). The United States' Answer argues that the instructions as given did not prevent Mr. Stagno's counsel from raising a First Amendment defense. The United States argued:

> This argument was consistent with a defense that Stagno's alleged "speech" was protected by the First Amendment and could not have been prohibited by the VA regulation. This defense was covered by the magistrate court's jury instructions without the need for any of Stagno's proposed supplements

U.S. Ans. Br. at 20. This argument implies that the jury must have known that "improper language" cannot mean language protected by the First Amendment. Since the jury was not instructed on any aspect of the First Amendment there were no instructions which even remotely address a First Amendment defense.

The United States argues that the term "improper language" did not need any explanation other than the jury's common sense. The United States supports

this argument only with *United States v. Brown*, 33 F.3d 1014, 1017 (8th Cir. 1994), and *United States v. Castillo*, 406 F.3d 806 (7th Cir. 2005) which held that the terms "knowingly" and "willfully" did not need further explanation. The issue of whether Mr. Stagno's use of the word "nigger" was criminally "improper" or protected First Amendment speech is far more complex than the meaning of knowingly or willfully. If Mr. Stagno's proposed instruction is correct as a matter of First Amendment law, *Marguet-Pillado, supra*, requires *per se* reversal.

The United States also argues incorrectly that a First Amendment instruction was not necessary because the elements instruction did not permit conviction based on expressive conduct alone, but also required the jury to find that the language caused a disturbance. U.S. Ans. Br. at 22. This argument fails because the First Amendment protects speech even if people who hear it are disturbed by the content of the message. In *Boos v. Barry*, 485 U.S. 312, 321 (1988), the Supreme Court held that "listeners' reactions to speech" and the "emotive impact of speech on its audience" are not the type of secondary effects which can justify a restriction on otherwise protected speech. *Id*., at 321; *see also R.A.V. v. City of St. Paul, supra*.

The United States' Answering Brief also argues that Mr. Stagno's proposed instruction no. 7 was not a correct statement of First Amendment law, because the V.A. psychiatric clinic is not a public forum. The issue of whether the jury instruction was a correct statement of the First Amendment law is determined *de*

*novo*. *United States v. Anguiano-Morfin, supra; United States v. Ward*, 989 F.2d 1015, 1017 (9th Cir. 1992). The Government argues that speech which is protected in public may be restricted at the V.A. medical center, because it is not a public forum. However, by arguing that all of proposed jury instruction no. 7 is an incorrect statement of law, the United States argues that First Amendment permits punishment for "the mere use of racist insults" at the V.A. clinic even if it is not "accompanied by other language tending to incite a breach of the peace."

This Court has held that the VA medical facility are "non-public" fora where the government's power to regulate speech is greater, but still limited by the First Amendment. *Preminger v. Peake*, 552 F.3d 757, 765 (9th Cir.2008). In *Preminger v. Peake*, this Court held that restrictions on speech in VA medical facilities do not violate the First Amendment so long as they are (1) reasonable in light of the purpose served by the forum and (2) viewpoint neutral. *Id*. In *Peake*, *supra*, this Court held that intermediate scrutiny applied to First Amendment challenges in a VA medical center. In *Matal v. Tam*, 137 S.Ct. 1744, 1764 (2017), the Supreme Court struck down restrictions on racist commercial speech under intermediate scrutiny. In *Tam*, the Court held that federal laws prohibiting registration of trademarks with racist language violated the First Amendment, because they were not "narrowly drawn" to serve a substantial interest.

Mr. Stagno requested the instruction that "mere use of racist insults is not considered "improper language" under this ordinance unless accompanied by other language tending to incite a breach of the peace, and this Court must decide whether First Amendment permits Mr. Stagno to be punished for the "mere use of racist insults" when not accompanied by other language tending to incite a breach of the peace. In *Preminger v. Peake*, this Court held that to avoid violating the First Amendment restrictions on speech at VA medical centers must still be viewpoint neutral. The Supreme Court in *R.A.V. v. St. Paul* held that punishment for the racist content of the message was not permitted, because it was not viewpoint neutral. Applying *R.A.V.* to this case, punishing the "mere use of racist insults" would not be viewpoint neutral. Since the mere use of racist insults was the only arguably "improper" use of language which Mr. Stagno admitted in his testimony, this part of the instruction was necessary to prevent the jury from convicting him for speaking out on his viewpoint.

This Court held in *Preminger v. Peake*, that intermediate scrutiny applied to evaluating the reasonableness of speech restrictions at the V.A. medical center, that involved restrictions on voter registration. This Court has never addressed what content based restrictions may be imposed on the speech of Veteran patients who go to the V.A. center for necessary mental health treatment. In *United States v. Szabo*, 760 F.3d 997, 1003 (9th Cir. 2014), this Court upheld a conviction of a V.A.

psychiatric patient who was convicted of violating the same statute for conduct which the trial judge found was a true threat of violence accompanied by yelling at the top of his lungs. In *Szabo*, this Court did not reach the issue of whether the First Amendment restricts the definition of "improper language" in some cases, because this Court found that Mr. Szabo's conduct involved true threats and "loud and unusual noise." The Court's as-applied challenge in *Szabo* was much easier, because it was a bench trial, before the same magistrate judge who presided in this case. In *Szabo, supra*, this Court was bound to accept the trial judge's findings of fact, but in Mr. Stagno's case this Court cannot assume that the jury rejected the defendant's version of the facts. Since the jury accepted Mr. Stagno's version of the evidence for Count I and acquitted him, there is a serious possibility that at least some jurors convicted him only on his version of the facts.

The Supreme Court has held that jury instructions that permit a jury to convict based on expressive conduct alone violate the First Amendment by creating an unacceptable risk of suppressing ideas. *Virginia v. Black*, 123 S.Ct. 1536, 1540, (2003). The United States' Answering Brief argues that *Virginia v. Black* is irrelevant because it was a public forum case, but the issue in that case had nothing to do with the level of scrutiny. *Virginia v. Black* addressed a problem with a jury instruction that permitted a jury to convict without finding all the facts necessary to that guarantee that the prohibited conduct was not protected speech.

*Virginia v. Black* specifically held that a jury instruction that allowed the jury to presume intent to intimidate from the fact of cross burning violated the First Amendment because it left open the possibility that the jury did not actually find the necessary intent to intimidate. *Id*. The First Amendment issues are different in Mr. Stagno's case, but the procedural posture is identical.

The second paragraph in Proposed Instruction 7 is based on Supreme Court precedent which holds that verbal criticism of government officials is protected speech and in most contexts cannot be punished unless it is fighting words. The Supreme Court explained that "[T]he First Amendment protects a significant amount of verbal criticism and challenge directed at police officers." *City of Houston v. Hill*, 482 U.S. 451, 461 (1987). The United States is correct that *City of Houston v. Hill* is a public forum case that applied strict scrutiny, thus it is only persuasive authority as to what speech is permitted in a non-public forum. Even under intermediate scrutiny as must apply under *Peake*, this Court should follow *Houston v. Hill* and hold that the First Amendment protects a significant amount of verbal criticism of government officials who are enforcing the law.

In *Hill*, the Supreme Court struck down a statute that "prohibits speech that 'in any manner ... interrupt[s]' an officer," with broad reasoning that appears unrestricted by the public setting:

> The “Constitution does not allow such speech to be made a crime. The freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state.

*City of Houston. v. Hill*, 482 U.S. 451, 462–63 (1987)

The United States also argues that Mr. Stagno’s proposed jury instruction no. 8 should not have been given, because the VA agency comments were not sufficiently definite to be an interpretation of the regulation. U.S. Br. at 28-29. Agnecy guidance memoranda have been held to be rules. *See Pickus v. United States Bd. of Parole,* 507 F.2d 1107 (D.C.Cir.1974)(holding guidelines specifying the factors the Board of Parole would consider “in the exercise of its discretion to parole eligible federal prisoners” were substantive rules.)

The Supreme Court recently established a test for court to use in its independent inquiry as to an “agency reading” of a rule should be given Auer deference. *Kisor v. Wilkie*, 139 S.Ct. 2400, 2417 (2019)(interpreting a VA regulation.) The Court held that the regulatory interpretation must be the agency’s official position, and implicate the agency’s substantive experience and it must reflect the “fair and considered judgement.” Id. The commentary and guidance cited in support of Mr. Stagno’s proposed jury instruction meets all three prongs of the Kisor test, so it must be considered law. Mr. Stagno’s proposed jury instruction does not copy the language, but sought to convey the same message in

summarized form.

The United States further argues that even if the Court agrees that jury instruction was wrongfully refused, the Court should evaluate whether the error was harmless beyond a reasonable doubt. This Court can uphold a conviction despite erroneous jury instruction only if it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *See United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1197-98 (9th Cir. 2000). This argument fails because unlike the defendant in *Gracidas-Ulibarry*, Mr. Stagno supported his defense with testimony. This Court explained:

> Gracidas did not support this defense with any evidence, and the INS inspector at primary inspection testified that Gracidas was awake when the inspector questioned him. *See Neder*, 527 U.S. at 19, 119 S.Ct. 1827 (concluding that error would not be harmless if "the defendant contested the omitted element and raised evidence sufficient to support a contrary finding") (emphasis added). Gracidas' defense is contradicted by overwhelming evidence, including his own admission that he purposely declined to ask for permission to reapply for entry because he wanted to see his child in the United States without delay.

Id. The United States also cites *Neder v. United States*, 119 S.Ct. 1827, 1838 (1999), although the Supreme Court explained in that case that the harmless error doctrine could apply in that case, because the defendant did not put on any evidence to controvert the disputed element. The United States also *United States v. de Cruz,* 82 F.3d 856, 864–65 (9th Cir. 1996) which is not relevant because it was decided before *Neder* and did not address the issue of whether jury instruction

error is harmless beyond a reasonable doubt.

Since the district court refused to give instructions that were correct statements of the law, that were necessary for the jury to evaluate the defendant's testimony, this Court should vacate the conviction and remand the case to the district court for a new trial. Mr. Stagno recognizes that on remand he is only entitled to a bench trial as this is a petty offense.

## B. The Trial Court's Erred in Denying Defendant's Rule 29 Motion to Dismiss, because the regulation was unconstitutional as applied to the conduct alleged in the Government's case in chief.

### 1. The United States Disputes the Constitutional Standard of Review

Both parties agree that in evaluating sufficiency of the evidence under Rule 29, this Court reviews *de novo* whether a rational factfinder, viewing the evidence in the light most favorable to the prosecution, could have found the essential elements beyond a reasonable doubt. *United States v. Davis*, 506 Fed. App'x 612, 612 (9th Cir. 2013). In his Opening Brief, Mr. Stagno argued that challenges to the constitutionality of a regulation are reviewed *de novo*. *United States v. Erickson*, 75 F.3d 470, 475 (9th Cir. 1996). The Government does not address whether the First Amendment constitutional concerns modify the general Rule 29 review. Mr. Stagno contends that the Court must determine whether the jury could have found

the essential elements beyond a reasonable doubt but must limit its analysis to facts in the record that are not First Amendment protected speech.

**2. Argument**

The United States contends that there was overwhelming evidence that Mr. Stagno violated the regulation by making verbal threats. Mr. Stagno contends that in the context of a psychiatric visit the evidence was insufficient to show the speech was loud or sufficiently threatening to disrupt the business of a clinic designed to treat psychiatric patients.

The United States also argues that the as-applied challenge must fail because there is no evidence that the magistrate or the prosecution intended to punish speech. However, in this case the jury is the governmental entity implementing the punishment. Mr. Stagno contends that this Court must review *de novo* whether the jury convicted Mr. Stagno based on his mere use of racist language. In *Georgia v. McCollum*, 505 U.S. 42, 59 (1992) the Supreme Court held that the constitution was violated when a court allowed a criminal defendant to use race in selecting a jury. By analogy this Court should evaluate the record in order to determine de novo whether the conviction by jury was motivated by the intent to punish Mr. Stagno's use of racist language in criticizing government authorities.

## VI. Conclusion

For the foregoing reasons, Mr. STAGNO requests that this Court vacate his conviction and/or remand this case to the district court for a new trial.

Dated: August 31, 2020

Respectfully submitted

HEATHER E. WILLIAMS
Federal Defender

*s/ Douglas J. Beevers*
DOUGLAS J. BEEVERS
Assistant Federal Defender

Attorneys for Defendant-Appellant
ERIC STAGNO

No. 19-10466

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>ERIC STAGNO,<br><br>Defendant-Appellant. | D.C. No. 2:17-cr-167-TLN<br><br>Eastern District of California, Sacramento<br><br>CERTIFICATE OF COMPLIANCE |

BRIEF FORMAT CERTIFICATION
PURSUANT TO CIRCUIT RULE 32-1

Pursuant to Fed. R. App. P. 32(a)(7)(C) and Circuit Rule 32-1, I certify that the attached brief is proportionately spaced, has a typeface of 14 points and contains 3,739 words.

Dated: August 31, 2020

Respectfully submitted

HEATHER E. WILLIAMS
Federal Defender

s/ Douglas J. Beevers
DOUGLAS J. BEEVERS
Assistant Federal Defender

Attorneys for Defendant-Appellant
ERIC STAGNO

No. 19-10466

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>ERIC STAGNO,<br><br>Defendant-Appellant. | D.C. No. 2:17-cr-00163-TLN<br><br>Eastern District of California, Sacramento<br><br>STATEMENT OF RELATED CASES |

Pursuant to Circuit Rule 28-2.6, Mr. STAGNO is not aware of any related cases.

Dated: August 31, 2020

Respectfully submitted

HEATHER E. WILLIAMS
Federal Defender

*s/ Douglas J. Beevers*
DOUGLAS J. BEEVERS
Assistant Federal Defender

Attorneys for Defendant-Appellant
ERIC STAGNO

No. 19-10466

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>ERIC STAGNO,<br><br>Defendant-Appellant. | D.C. No. 2:17-cr-0163-TLN<br><br>Eastern District of California, Sacramento<br><br>CERTIFICATE OF SERVICE |

I hereby certify that on Dated: August 31, 2020, I electronically filed the Appellant's Opening Brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: August 31, 2020

s/ Megan Blumm
Megan Blumm